[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is an action to partition a way located in the City of Newport, State of Rhode Island. Jurisdiction over this matter is exercised pursuant to § 34-15-1, et. seq., of the General Laws of Rhode Island. The Plaintiff, Inn Group Associates ("Inn Group"), as one of three entities allegedly having an undivided fee simple interest in a way located at the area known as "Gravelly Point" requests partition of the way. Defendant, Newport Realty, Inc., has joined Plaintiff, Inn Group, in its prayer for partition of the way. Defendant, City of Newport, has prayed for denial and dismissal of the complaint. For the reasons set forth below, the Court finds for the Plaintiff.
All parties to this action agree that in 1757, the proprietors of the real estate known as "Long Wharf" in the City of Newport subdivided the area known as "Gravelly Point" into twenty-eight (28) lots. The parties also agree that a thirty foot wide way running along the west, south and east boundaries of the subdivision and running north to south in the center of the subdivision was created at the same time.
The Court finds the testimony of Plaintiffs' expert witness, attorney Stephen Haire, regarding the intent of the proprietors that owners of the twenty-eight lots hold the way in common to be credible. Mr. Haire testified that he had examined title to the "way" property in dispute dating to colonial times and offers his opinion that in fact such property is owned by the three interested parties as tenants in common. Attorney Haire's testimony is supported by the subdivision plan approved by the proprietors of Long Wharf on December 19, 1757. Defendant's A, BFull. In the December 19, 1757 document the proprietors specifically addressed the interest lot owners had in the way by stating that the way is "to be held by them in common."Defendant's A, B, Full. Defendant, City of Newport, did not present an expert witness or documents to rebut the testimony of Plaintiffs' expert witness.
Defendant, City of Newport, argued that subsequent deeds to purchasers of the lots failed to convey an interest in the way because those deeds do not mention the conveyance of an interest in the way and, thus, Inn Group, Newport Realty and the City of Newport do not own undivided fee simple interests as tenants in common in the way. The Court disagrees.
"When a conveyance expressly refers to a plan, that plan becomes part of the deed, and is subject to no other explanation by extraneous evidence than if all the particulars of the description had actually inserted in the body of the deed."Bradstreet v. Bradstreet, 158 Me. 140, (___) 180 A.2d 459, 463 (1962). Plaintiff's expert testified that many of the subsequent deeds which conveyed lots in the subdivision expressly refer to the December 19, 1757 subdivision plan. The intent expressed in the subdivision plan that the owners of lots shall hold the way in common must be read into those deeds.
In regard to those lots which were conveyed by deeds that did not refer to the December 19, 1757 subdivision plan, "unless expressly excepted, title passes, without description or mention, to all appurtenances and incidents belonging to it." State v.Fin and Feather Club, 316 A.2d 351 (Me. 1974). According to Black's Law Dictionary an "appurtenance" is a thing "deemed to be incidental or appurtenant to land when it is by right used with land for its benefit, as in the case of a way, . . . from across the land of another." In as much as the ways are by right used with the land for its benefit and the proprietors of Long Wharf expressed an intent that the owners of the lots should hold the ways in common this Court concludes that title to these ways passed to each purchaser in spite of the fact that some deeds did not mention that a common interest in the way was being conveyed.
Subsequent to the trial of this matter at which time the court took the case under consideration, Friends of the Waterfront, Inc., so-called, a non-party to this action, filed certain materials with the court in support of the Defendants' position. While the Court has not considered those materials as evidence in the case, it has taken into consideration the argument advanced therein in support of the Defendants' position. The Court rejects those arguments. The Court is not free to establish property rights outside the legal principals and authorities pertaining to the same. While it may be a laudable objective to preserve waterfront access, the Court cannot promote such objectives oblivious to the legal rights of others. Such objectives of course can be pursued by public authorities within the context of property owned by them. For instance, if the Defendant, City of Newport, desires to pursue such a policy with respect to that portion of the way in which it will eventually become a fee simple owner, it is certainly within its prerogative to do so.
For the reasons set forth above Court finds for the Plaintiff. The Parties shall prepare a partition agreement for the Court's approval. In the event that the parties are unable to reach agreement on the partition the Court shall appoint a referee to assist the parties.
Judgment shall enter for the Plaintiff.